Diane LEONE, Plaintiff–Appellant,

v.

Ellen WHITFORD, Joseph Gallucci, Cora Marshall, Central Connecticut State University and John W. Miller, Defendants–Appellees.

No. 07–2218–cv.

United States Court of Appeals, Second Circuit.

Nov. 19, 2008.

---

Norman A. Pattis, Bethany, CT, for Appellant.

Linsley J. Barbato, Assistant Attorney General, for Richard Blumenthal, Attorney General of the State of Connecticut, for Appellees.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Diane Leone appeals from an order of the United States District Court for the District of Connecticut (Hall, *J.* ), granting summary judgment in favor of defendants-appellees on all claims. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

■ Assuming *arguendo* that Leone submitted evidence supporting a Fifth Amendment takings claim, her claim was not ripe because she had not yet exhausted judicial remedies available under state law. *See Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194–95, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). A plaintiff must pursue a state court remedy "even where it 'remains unsure and undeveloped.' " *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 380 (2d Cir.1995) (quoting *Southview Assocs., Ltd. v. Bongartz*, 980 F.2d 84, 99 (2d Cir. 1992)).

■ Moreover, were we to reach the merits, Leone's appeal would still fail. It is clear that Leone failed to present evidence supporting a takings claim based on the "promise" of a degree, because she never established that a state official with actual authority made such a promise, nor that she lacked a remedy under state law for any breach. With respect to her "web banner", the record is clear that she did in fact receive compensation in the form of class credits.

Finding no merit in Leone's remaining arguments, we hereby **AFFIRM** the judgment of the district court.